**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4578**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ARCADIO FIGUEROA BUENO,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00133-TDS-1)

———————————

Submitted:  June 13, 2024                     Decided:  June 17, 2024

———————————

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————

**ON BRIEF:** Aaron B. Wellman, IVEY, MCCLELLAN, GATTON & SIEGMUND, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arcadio Figueroa Bueno pled guilty, pursuant to a written plea agreement, to use of a communication facility to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. § 843(b), (d)(1).  Figueroa Bueno's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Figueroa Bueno's plea was knowing and voluntary and whether his 48-month sentence is reasonable.  Figueroa has not filed a pro se supplemental brief after being advised of his right to do so.

The Government has filed a motion to dismiss the appeal on the ground that Figueroa Bueno's appeal is barred by the appeal waiver included in the plea agreement. We review de novo the validity of an appeal waiver.  *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018).  Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope.  *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently."  *Id.*  To determine whether a waiver is knowing and intelligent, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).  Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that

2

the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Figueroa Bueno knowingly and voluntarily waived his right to appeal and that his challenges to his sentence fall squarely within the scope of the appellate waiver. Although counsel is correct that we may review the validity of Figueroa Bueno's guilty plea, *see id.* at 364, the district court fully complied with Rule 11 and ascertained that Figueroa Bueno's plea was knowing and voluntary.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the district court's judgment. This court requires that counsel inform Figueroa Bueno, in writing, of the right to petition the Supreme Court of the United States for further review. If Figueroa Bueno requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Figueroa Bueno.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3